```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

OTIS BONDS                                                PLAINTIFF

V.                      CIVIL ACTION NO.: 5:24-cv-00023-DCB-BWR

PIKE COUNTY, MISSISSIPPI, et al.                         DEFENDANTS


ORDER ADOPTING THE REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Bradley W. Rath's Report and Recommendation, [ECF No. 21] (the "Report"), which addresses Otis Bonds ("Plaintiff")'s failure to prosecute a lawsuit that he filed under 42 U.S.C. § 1983. Magistrate Judge Rath issued his Report sua sponte after Plaintiff failed to appear at an Omnibus Hearing. See docket minute entry dated 1/08/2025. The Court docket reflects repeated occasions when communications that the Court sent to Plaintiff's last-known mailing address were returned as undeliverable. The Report lists seven (7) Court orders which warned Plaintiff that a failure to comply with the Court's orders or to advise the Court about a change of address would result in the dismissal of this case. [ECF No. 21] at 1-2. The Magistrate Judge concluded that: "Based on Plaintiff's failure to appear at the screening hearing and his failure to keep the Court apprised of his current address, the undersigned

finds that Plaintiff no longer demonstrates interest in prosecuting his claims. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)."  [ECF No. 21] at 2.

No party has filed an objection to the Report, and the time to do so has expired.  Where no party objects to the magistrate judge's report and recommendation and the report contains a warning about the consequences of failing to object (as this report does), the Court is not required to perform a de novo review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017) (" … a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); see also United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989) (the clearly erroneous, abuse of discretion and contrary to law standard of review is appropriate only where there has been no objection to the magistrate's ruling). Finding no clear error in the Report and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Rath's recommendation.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 21] is **ADOPTED** as the findings and conclusions of this Court; and

IT IS FURTHER ORDERED that this case is **DISMISSED** without prejudice for Plaintiff's failure to prosecute.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this 8th day of April 2025.

                                                      /s/ David C. Bramlette  
                                                    UNITED STATES DISTRICT JUDGE